**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM D. FOOTE and ELIZABETH R. FOOTE, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 15-73728 <br><br> Tax Ct. No. 1176-13 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted October 3, 2017[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

We affirm the tax court's finding that the Commissioner of the Internal

Revenue Service (IRS) did not abuse his discretion in denying the Footes' request

for abatement of interest.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In his discretion, the Commissioner may abate the interest accrued on tax deficiencies if the interest accrued as the result of an error or delay on the part of the IRS in performing a ministerial act. 26 U.S.C. § 6404(e)(1)(A).

> Ministerial act means a procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place. A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act.

26 C.F.R. § 301.6404-2(b)(2).[1] The Commissioner did not abuse his discretion in determining that the acts identified by the Footes do not fall within this definition.

In addition, the Commissioner cannot abate interest if the taxpayer is the cause of a significant aspect of the error or delay. 26 U.S.C. § 6404(e)(1). In their briefing, the Footes admit that "[t]he audit file lists missed appointments and suggest[s] a lack of cooperation in production of requested documents." We agree. Consequently, the Commissioner did not abuse his discretion in determining that the Footes caused a significant aspect of any alleged error or delay.

**AFFIRMED.**

---

[1] Two regulations apply in this case: 26 C.F.R. § 301.6404-2 applies to tax years after 1996 and 26 C.F.R. § 301.6404-2T applies to prior tax years. However, both regulations contain essentially identical definitions of "ministerial act." The acts identified by the Footes do not meet either definition.